PER CURIAM.
Appellants contest the entry of final summary judgments in favor of defendants Shoppes of Oak Park, Inc., Arturo Munder, Cachurra Corporation and Ruben Rodriguez. We affirm.
Decedent was electrocuted when his crane’s cable came into contact with high voltage power lines. The crane had been used to lift buckets of cement up to form the tie beams for a shopping center. The layout of the construction site required the crane to work in close proximity to the power lines. Pouring had concluded for the day, most of the workers had left the construction site, and the decedent was cleaning the crane bucket. During the course of cleaning, the decedent tried to flip the bucket over to empty out the ce *286 ment and water. In so doing, he pushed the bucket so that the cable touched the high voltage wires.
Cachurra Corporation was the decedent’s employer, its president, Ruben Rodriguez, was decedent’s coemployee and both were covered by the immunity provided by the workers’ compensation statutes. Appellants argue that the statutory immunity should not apply because Rodriguez’ conduct amounted to gross negligence and Ca-churra’s conduct was so negligent as to be an intentional tort. We disagree.
It is well settled that before an employer loses its statutory immunity under the workers’ compensation statutes it must commit an intentional tort; that is, it must “either exhibit a deliberate intent to injure or engage in conduct which is substantially certain to result in injury or death”. Fisher v. Shenandoah General Constr. Co., 498 So.2d 882, 883 (Fla.1986) (citing Spivey v. Battaglia, 258 So.2d 815 (Fla.1972)); Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879, 880 (Fla.1986). This standard requires more than a strong probability of injury. It requires virtual certainty. Fisher; Lawton.[1] There is no showing of conduct by Cachur-ra Corporation which would reach the level of an intentional act.
Ruben Rodriguez, as president of Cachurra, was a coemployee of the decedent. Streeter v. Sullivan, 509 So.2d 268 (Fla.1987).[2] Under section 440.11, Florida Statutes (1985), a coemployee loses his statutory immunity if he acts with gross negligence, unprovoked aggression or with willful and wanton disregard of the interests of the victim. Drawing all inferences in favor of appellants, we agree with the trial court that there was no issue of fact as to Rodriguez’ conduct. It did not constitute gross negligence.
We assume, for the purposes of reviewing the motions for summary judgment, that Shoppes was an owner/builder which owed a duty to maintain a reasonably safe workplace. See Conklin v. Cohen, 287 So.2d 56 (Fla.1973); Cadillac Fairview of Florida, Inc. v. Cespedes, 468 So.2d 417 (Fla. 3d DCA), review denied, 479 So.2d 117 (Fla.1985). We agree with the trial court that there was no showing of negligence on the part of Shoppes. We also conclude that Shoppes does not have a potential vicarious liability for the operation of the crane based on Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980), where, as here, the claim of negligence is predicated on the acts of the decedent’s coemployee, the crane operator. See Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422, 424-25 (Fla.1966) (“[Vjicarious liability founded on the doctrines of dangerous instrumentality and respondeat superior is primarily for the protection of third party members of the public, rather than injuries sustained by fellow employees under workmen’s compensation from negligence inter se.”); see also Hunt v. Ryder Truck Rentals, Inc., 216 So.2d 751, 755 (Fla.1968).
Finally, we conclude that summary judgment was correctly entered in favor of Arturo Munder, President of Shoppes.
Affirmed.

. Appellants rely on Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), but that case does not change the rule of Fisher and Lawton.

. As the accident occurred in 1986, the rule announced in Streeter is applicable to this case. The statute has since been amended. See § 440.11, Fla.Stat. (1989).