637 So.2d 13 (1994)
DYNAPLAST, INC., Appellant,
v.
Marta SIRIA, etc., et al., Appellee.
No. 93-2884.
District Court of Appeal of Florida, Third District.
May 10, 1994.
Rehearing Denied June 14, 1994.
Ponzoli, Wassenberg & Sperkacz and Richard L. Wassenberg, Miami, for appellant.
Beckham & Beckham and Robert Beckham, North Miami Beach, Stabinski & Funt, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
Dynaplast, Inc., appeals from a nonfinal order denying its motion for summary judgment. We have jurisdiction pursuant to Fla. R.App.P. 9.130(a)(3)(C)(vi). For the following reason, we reverse.
On February 11, 1987, Marta Siria, the plaintiff below, was injured while operating a plastic injection molding machine during the course of her employment with Dynaplast. Siria sued Dynaplast as a result of the accident. Dynaplast moved for summary judgment asserting that it was immune from suit *14 pursuant to section 440.11, Florida Statutes (1987) because it provided workers' compensation benefits.[1] The trial court denied the motion.
The trial court erred in denying the motion for summary judgment as there is no evidence in the record showing that Dynaplast's conduct rose to the level of an intentional tort. Eller v. Shova, 630 So.2d 537 (Fla. 1993); Mirabal v. Cachurra Corp., 580 So.2d 285 (Fla. 3d DCA), rev. denied, 591 So.2d 182 (Fla. 1991). "In order for an employer's actions to amount to an intentional tort, the employer must either exhibit a deliberate intent to injure or engage in conduct which is substantially certain to result in injury or death. A strong probability is different from substantial certainty and cannot constitute intentional wrongdoing." Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882, 883-84 (Fla. 1986) (citations omitted); Lawton v. Alpine Engineered Prods., Inc., 498 So.2d 879, 880 (Fla. 1986). Indeed, workers' compensation is an employee's sole remedy even if the employer is guilty of gross negligence. Id. at 881.
Viewing the facts in a light most favorable to Siria, her Fourth Amended Complaint does not allege conduct rising to the level of an intentional tort sufficient to avoid the exclusivity provision in section 440.11(1). The trial court erred in denying Dynaplast's motion for summary judgment. We reverse and remand with directions to grant the motion.
Reversed and remanded with directions.
NOTES
[1] Section 440.11(1) provides that an employer's workers' compensation liability "shall be exclusive and in place of all other liability... ."