498 So.2d 879 (1986)
Carl LAWTON, et al., Petitioners,
v.
ALPINE ENGINEERED PRODUCTS, INC., Respondent.
No. 67963.
Supreme Court of Florida.
November 26, 1986.
Rehearing Denied January 5, 1987.
Karen E. Roselli of Krupnick, Campbell, Malone & Roselli, P.A., Ft. Lauderdale, for petitioners.
John P. Kelly of Fleming, O'Bryan & Fleming, Ft. Lauderdale, for respondent.
*880 McDONALD, Chief Justice.
The Fourth District Court of Appeal has certified the following question as being of great public importance:
DOES THE FLORIDA WORKERS' COMPENSATION LAW PRECLUDE ACTIONS BY EMPLOYEES AGAINST THEIR CORPORATE EMPLOYERS FOR INTENTIONAL TORTS EVEN THOUGH THE INJURIES WERE INCURRED WITHIN THE SCOPE OF THEIR EMPLOYMENT?
Lawton v. Alpine Engineered Products, Inc., 476 So.2d 233, 233 (Fla. 4th DCA 1985). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. The question is identical to that certified in Fisher v. Shenandoah General Construction Co., 498 So.2d 882 (Fla. 1986). In Fisher, although the certified question conferred jurisdiction upon this Court, we refrained from answering it as framed because we did not view the certified question as germane to the facts of that case. See Cleveland v. City of Miami, 263 So.2d 573 (Fla. 1972). As in Fisher, we do not read the facts as set out in the instant complaint to allege a prima facie case of intentional tort. Thus, we restate the certified question as follows:
WHETHER AN EMPLOYER COMMITS AN INTENTIONAL TORT WHEN HE INSTRUCTS HIS EMPLOYEE TO OPERATE DANGEROUS MACHINERY WITHOUT WARNING THE EMPLOYEE ABOUT THE MACHINERY'S KNOWN HAZARDS.
We answer in the negative and approve the result reached by the district court.
Alpine Engineered Products purchased a punch press from Federal Press Company in 1972. In 1981 Carl Lawton, a punch press operator employed by Alpine, caught his hand in the press when a co-worker accidentally put the press into operation as Lawton attempted to adjust the machine. The press crushed Lawton's hand and caused the loss of all the fingers on that hand. Following the accident, Lawton applied for and received workers' compensation benefits from Alpine's insurance carrier and filed suit against Federal Press Company. During the course of discovery, Lawton learned that between February 1972 and August 1980 Alpine had received numerous written communications from Federal Press informing Alpine that, for safety reasons, point of operation guards should be provided on the press and that operators should be instructed about the various dangers involved in operating the press. Thereafter, Lawton amended his complaint to include Alpine as a party. Eventually, Lawton amended the complaint another time to add a count alleging fraud against Alpine. Alpine moved for summary judgment, arguing that workers' compensation benefits constituted Lawton's exclusive remedy. After a hearing, the trial judge granted Alpine's motion and Lawton appealed. The district court affirmed the summary judgment on the authority of its opinion in Fisher.
As we stated in Fisher, the Florida Workers' Compensation Act provides for the payment of compensation benefits whenever disability or death results from an injury arising out of and in the course of employment. § 440.09(1), Fla. Stat. (1979). Section 440.11(1), Florida Statutes (1979), states that compensation under the act shall be the exclusive remedy available to such an employee. Lawton's complaint acknowledges that he received his injuries in the course and scope of his employment. Lawton argues, however, that when Alpine demonstrated a willful and wanton disregard for the safety of its employees by ignoring the manufacturer's warnings it committed an intentional tort. We disagree.
As we discussed more fully in Fisher, in order for an employer's actions to constitute an intentional tort, the employer must either exhibit a deliberate intent to injure or engage in conduct which is substantially certain to result in injury or death. Fisher, at 883; Spivey v. Battaglia, 258 So.2d 815 (Fla. 1972). This standard requires more than a strong probability of injury. It requires virtual certainty. Fisher, *881 at 884. Clearly, the facts alleged in the third amended complaint cannot support a finding of such certainty. Although the complaint may indeed allege a prima facie case of gross negligence, the act makes no distinction among degrees of negligence. Seaboard Coastline Railroad v. Smith, 359 So.2d 427 (Fla. 1978); § 440.11, Fla. Stat. (1979). Therefore, workers' compensation is Lawton's only available remedy even if Alpine is guilty of gross negligence. Thus, we do not reach the question of whether intentional torts fall outside the purview of the act.
Accordingly, we decline to answer the certified question as framed by the district court. Instead, we answer the restated question in the negative and approve the result reached by the district court.
It is so ordered.
BOYD, OVERTON and EHRLICH, JJ., concur.
ADKINS, J., dissents with an opinion, in which SHAW and BARKETT, JJ., concur.
ADKINS, Justice, dissenting.
I dissent. I would answer the question presented by the district court of appeal in the negative. The third amended complaint filed by the Lawtons clearly sets forth a prima facie case for an intentional tort and the existence of Workers' Compensation does not preclude actions by employees against their corporate employers for intentional torts committed within the scope of employment.
The facts of this case, as outlined in the majority opinion, indicate that Lawton's hand was maimed in a printing press and that Alpine, Lawton's employer, failed to provide operation guards to its press operators despite the manufacturer's warning that the guards are necessary safety devices. Further, Alpine failed to warn the press operators about the proper operation of the potentially hazardous printing press.
Lawton's third amended complaint set forth several other allegations that the majority of this Court has apparently overlooked. Lawton alleged that Alpine affirmatively removed any and all ramblocks or other inside guards provided by the manufacturer and/or affirmatively denied Lawton the right to use other ramblocks and/or inside guards. The complaint also alleged that Alpine intentionally exposed its workers to serious injury and/or death by intentionally refusing to follow the law and regulations concerning the safety of its workers, and such actions constituted an intentional and/or reckless intent to cause injury to its own workers.
Ten letters were attached to Lawton's complaint as exhibits. All ten letters were from Federal Press Company, the manufacturer of the printing press, to Alpine. All ten letters warned about the dangerous nature of a punch press and the proper procedures to be followed to ensure operator safety. Two of the letters expressed concern over the fact Federal Press Company had received reports that operation guarding had not been supplied to employees operating the punch press. Clearly, the allegations in Lawton's complaint outline a prima facie case sounding in intentional tort.
I agree with the majority that an employer must exhibit either a deliberate intent to injure or engage in conduct which is substantially certain to result in injury or death before a cause of action sounding in intentional tort exists. Unfortunately, the majority did not stop at this previously established standard. Regretably, and without foundation, the majority states that "[t]his standard requires more than a strong probability of injury. It requires virtual certainty." I fail to see how or why this Court equates virtual certainty to substantial certainty. To my knowledge, no court in this nation has imposed such a heavy burden upon a plaintiff seeking to prove that he was a victim of an intention tort. For various standards courts, scholars and treatises have applied to the concept of intentional tort, see Prosser and Keeton on Torts 33-37 (W. Keeton 5th ed. 1984). I am afraid that the burden placed on employees to prove that their employer *882 intentionally injured them will be virtually unsurmountable in Florida. However, even under this virtually insurmountable burden, the complaint in this case sets forth a prima facie case of intentional tort.
For my disagreement with the holding of the district court that Workers' Compensation is the exclusive remedy for intentional torts committed by an employer within the scope of employment see my dissent in Fisher v. Shenandoah General Construction Co., 498 So.2d 882 (Fla. 1986).
SHAW and BARKETT, JJ., concur.