611 So.2d 35 (1992)
Carl FOLK, as personal representative of the estate of Henry Sanderson Folk, Appellant,
v.
RITE AID OF FLORIDA, INC., Richard Osborne and John Hoffman, Appellees.
No. 91-3007.
District Court of Appeal of Florida, Fourth District.
December 23, 1992.
*36 Raymond G. Ingalsbe of Raymond G. Ingalsbe, P.A., Palm Beach Gardens, for appellant.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Coral Gables, for appellees.
STONE, Judge.
We affirm the dismissal of this wrongful death action brought against the decedent's employer and his supervisors for failure to state a cause of action.
Henry Folk was employed by Rite Aid as a security guard. He was shot while performing his duties in a Rite Aid store after he sprayed MACE in the face of the perpetrator of an armed robbery.
The Florida Worker's Compensation Law, by the provisions in section 440.11, Florida Statutes, immunizes employers from tort liability for employee injuries other than those inflicted by an intentional tort. Byrd v. Richardson-Greenshields Secies., Inc., 552 So.2d 1099 (Fla. 1989). This immunity from liability for negligence and gross negligence was extended to claims against supervisory personnel under a 1988 amendment to that section.[1] Prior *37 to that amendment, supervisory personnel were liable for acts of gross negligence. See Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987).
The relevant portions of the third amended complaint provide that (1) Henry was hired, in part, to survey, confront and apprehend criminals during and immediately following criminal acts; (2) Rite Aid only armed its security personnel with MACE, and prohibited them from carrying a firearm; (3) in this case, Rite Aid's policy was substantially certain to result in injury or death, and appellees knew of and anticipated such substantial certainty because the Rite Aid store in Boca where Henry was killed had previously been the target of criminal activities involving theft; (4) appellees calculated that additional robbery attempts would occur at the Boca store; and (5) Henry was there to foil such attempts.
After considering all reasonable inferences from the allegations in favor of the appellant, we conclude that appellant has failed to allege ultimate facts stating a cause of action against the appellees for intentional tort. To do so under the above act, "the employer must either exhibit a deliberate intent to injure or engage in conduct which is substantially certain to result in injury or death." Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882, 883 (Fla. 1986). See also Lawton v. Alpine Engineered Prods., Inc., 498 So.2d 879 (Fla. 1986). Even a strong "probability" that an employer's acts will result in injury is insufficient to overcome the immunity afforded by the statute. Fisher, 498 So.2d at 884. In Fisher, the court further stated, quoting from Prosser & Keeton on Torts 36 (W. Keeton 5th Ed. 1984):
The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but it is not an intentional wrong.
498 So.2d at 884.
In Fisher, the plaintiff alleged that the employer directed the employee to clean out a pipe containing methane gas, which the employer knew would "in all probability" result in injury. Fisher, 498 So.2d at 884. The employer also allegedly failed to provide safety equipment and intentionally avoided OSHA safety rules. Nevertheless, the Fisher court found that such conduct did not qualify as an intentional tort. Id.
Other cases have distinguished Fisher, in recognizing claims in which it is alleged that injury or death was "virtually certain" to occur from the employer's intentional conduct. See Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla. 1991); Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA), rev. denied, 574 So.2d 139 (Fla. 1990). However, we note that in each of those cases there are ultimate facts supporting a reasonable conclusion that injury or death was a virtual certainty. In each there was also conduct by the employer deliberately or maliciously withholding information of a known and imminently grave threat by an existing condition.
In Connelly, the court held that it is reasonable to conclude that an aircraft that is intentionally and routinely overloaded and poorly maintained is substantially certain to cause serious injury or death to those aboard. Connelly, 568 So.2d at 450. The court further held that an employer who withholds knowledge from an employee of specific existing defects or hazards which pose a grave threat of injury or death will be considered to have acted in a belief that harm is substantially certain to occur. Id.
In Cunningham, employees were required to work in an area exposing them to known toxic substances. Cunningham, 558 So.2d at 95-96. There, the court extensively used italics to emphasize the ultimate facts distinguishing that case from Fisher. The exposure was intentional and substantially certain to result in harm. The defendants knew the toxic substances were actually present, and deliberately concealed the danger by not advising employees of the risks that were not otherwise apparent. They removed warning labels *38 and did not make repairs, thereby subjecting the employees to known hazardous existing conditions. The plaintiff in that case also alleged other malicious acts and misrepresentations. Id.
Here, unlike in Connelly and Cunningham, we are unable to distinguish the facts from Fisher, in which the charges made were even more egregious. The plaintiff's allegation in its complaint that the harm was "virtually certain" is conclusory, and cannot raise the otherwise insufficient allegations of ultimate fact to the level of an intentional tort. We note also that plaintiff does not claim that the decedent's supervisors in this case knew that this particular robbery was going to occur, but only that they anticipated the likelihood that a theft or robbery would occur; nor did plaintiff allege that the decedent was instructed to release MACE into the face of robbers brandishing weapons, nor is there any concealment of an existing danger not otherwise apparent to the employee.
Therefore, the judgment of dismissal is affirmed.
OWEN, WILLIAM C., Jr., Senior Judge, and BRESCHER, GEORGE A., Associate Judge, concur.
NOTES
[1] The 1988 amendment added the last sentence of the following provisions:

The liability of an employer ... shall be exclusive and in place of all other liability... . The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death.... The same immunity provisions enjoyed by an employer shall also apply to any ... supervisor, or other person who in the course and scope of his duties acts in a managerial or policymaking capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policymaking duties and was not a violation of a law. (emphasis added)
Subsequent to oral argument in this appeal the Second District concluded, in Shova v. Eller, 606 So.2d 400 (Fla. 2d DCA 1992), that this amendment is unconstitutional. We do not address the merits of that issue as the validity of the amendment has not been challenged in this appeal. Gleason v. Dade County, 174 So.2d 466, 467 (Fla. 3d DCA 1965); Scenic Hills Utility Co. v. Pensacola, 156 So.2d 874, 878 (Fla. 1st DCA 1963).