PER CURIAM.
Appellant was charged with first-degree murder, tried by jury and convicted of the lesser included offense of second-degree murder.
Appellant argues, and we agree, that the record clearly reflects a lack of impartiality on the part of a prospective juror and that it was error for the trial court to deny his challenge for cause. Appellant used a peremptory challenge to remove that juror, subsequently exhausted his quiver of peremptory challenges and identified a juror whom he would have struck peremptorily had he not previously exhausted his allotment of peremptory challenges. The trial court denied his request for an additional peremptory challenge and the juror was seated on his jury.
Notwithstanding the nonappearance on the record that appellant was prejudiced by the trial court’s error, i.e., that the seated juror he was unable to strike peremptorily was biased or otherwise incompetent, we must reverse and remand for a new trial. See Trotter v. State, 576 So.2d 691 (Fla.1990); Street v. State, 592 So.2d 369 (Fla. 4th DCA), rev. denied, 599 So.2d 658 (Fla.1992).
GLICKSTEIN, C.J., and DELL, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.