631 So.2d 331 (1994)
Pio TIMONES, Appellant,
v.
EXCEL INDUSTRIES OF FLORIDA, a corporation, Appellee.
No. 92-3480.
District Court of Appeal of Florida, First District.
February 1, 1994.
*332 Clive N. Morgan, Jacksonville, for appellant.
Jack W. Shaw, Jr. and Michael J. Obringer of Osborne, McNatt, Shaw, O'Hara, Brown & Obringer, Jacksonville, for appellee.
SMITH, Judge.
Timones appeals a final summary judgment granted his employer, Excel Industries of Florida, in his personal injury action for damages suffered as a result of a work-related accident. Timones received workers' compensation benefits due to the accident. We agree that Timones' complaint fails to allege ultimate facts demonstrating an intentional tort which falls outside the exclusivity provision of the Workers' Compensation Act, section 440.11(1), Florida Statutes (Supp. 1988), and therefore affirm.
Timones' complaint alleges that he was injured when his chair fell backwards and he accidently placed his hand into a buffing machine. Because of the placement of the emergency switch, he was unable to reach the cut-off switch and suffered severe injury to his hand before another employee hit the emergency switch freeing his hand.
Timones' complaint further alleges that Excel knowingly required its employees to use antiquated machinery which had insufficient safety features, and that Excel had received, but disregarded, recommendations from safety consultants about the need to take appropriate safety measures. According to Timones' complaint, at least 48 employees have been injured as a result of operation of this unsafe machinery, and that it was "substantially certain" that employees such as Timones would be injured.
To state a cause of action for intentional tort sufficient to avoid section 440.11, immunizing employers from tort liability for employee injuries, the employee must allege ultimate facts demonstrating that the employer either exhibited a deliberate intent to injure or engaged in conduct which was substantially certain to result in injury or death. Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882, 883 (Fla. 1986). A strong "probability" that an employer's acts will result in injury is not sufficient to overcome the immunity afforded by the statute. Id. at 884.
Timones' complaint does not allege that Excel deliberately intended to injure him. Although Timones attempts to allege that Excel's conduct was substantially certain to result in injury or death, the ultimate facts *333 pled do not demonstrate a virtual certainty of injury or death. Requiring employees to operate unsafe machinery is not sufficient. See Fisher, 498 So.2d at 884; and Reed Tool Co. v. Copelin, 689 S.W.2d 404 (Tex. 1985); see also Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879 (Fla. 1986).
Timones relies upon Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla. 1991) and Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA), rev. denied, 574 So.2d 139 (Fla. 1990), but the facts of these cases are clearly distinguishable. In Connelly, the court held it is reasonable to conclude that a passenger aircraft that is routinely overloaded and poorly maintained, with known mechanical deficiencies, is substantially certain to cause serious injury or death to those aboard. Connelly, 568 So.2d at 450. Moreover, in Connelly it was alleged that the employer deliberately withheld from the employee knowledge of the defect or hazard which posed a great threat of injury or death, thereby eliminating the chance for the employee to exercise an informed judgment whether to perform the assigned tasks; and thus, the employer was considered to have acted in a belief that harm is substantially certain to occur. Id. In Cunningham, employees were required to work in an area exposing them to known toxic substances, and the employer deliberately rerouted toxic substances into the plant where the employees worked. The employer knew these substances were present and did not advise the employees of the risks, but instead, removed warning labels from the products.
Timones' attempt to fit this case within Connelly and Cunningham by alleging "virtually certain" injury does not save Timones' otherwise deficient complaint. Folk v. Rite-Aid of Florida, Inc., 611 So.2d 35, 38 (Fla. 4th DCA 1992) (plaintiff's allegation in its complaint that the harm was "virtually certain" is conclusory, and cannot raise the otherwise insufficient allegations of ultimate fact to a level of an intentional tort).
AFFIRMED.
ERVIN, J., concurs.
ALLEN, J., specially concurs with written opinion.
ALLEN, Judge, specially concurring.
I agree with the majority that the appellant did not allege commission of an intentional tort and that the trial court properly granted summary final judgment. I must respectfully disagree, however, with the indication in the majority opinion that Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla. 1986), stands for the proposition that section 440.11(1) may be avoided where an employer has committed an intentional tort. It appears to me from my reading of both Fisher and another case decided on the same day, Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879 (Fla. 1986), that the supreme court specifically declined to decide whether section 440.11(1) precludes an action by an employee against an employer for an intentional tort.