652 So.2d 964 (1995)
Larry KLINE, et al., Appellants,
v.
Blanca RUBIO, Appellee.
No. 94-2422.
District Court of Appeal of Florida, Third District.
April 5, 1995.
Ribler, Gilmartin & Sanchez, Lawrence & Daniels and Adam H. Lawrence, for appellants.
Tralins and Associates and Myles Tralins, for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.
PER CURIAM.
This is an appeal of a non-final order determining that defendants were not entitled *965 to summary judgment. We have jurisdiction pursuant to Fla.R.App.P. 9.130(a)(3)(C)(vi). For the following reasons, we reverse.
Blanca Rubio was seriously injured while using a meat tenderizing machine in the meat packing room of Larry Kline Wholesale Meats and Provisions, Inc. The machine was designed to be bolted down, but had been left free-standing on a table top. The hopper cover of the machine was removed, along with the manufacturer's safety warnings, and the machine had been repaired in a way that bypassed the emergency cut-off switch. Further, Rubio had never been trained on this machine. On January 12, 1988, Rubio's hand was caught in the tenderizing blades while she was placing meat into the machine. She is now thirty percent permanently disabled.
Rubio collected workers' compensation benefits, and then sued Kline Meats, owner/operator Larry Kline, board member Lois Kline, and company vice president Steven Caine.[1] The appellants moved for summary judgment in the trial court, arguing they were immune from suit under section 440.11, Florida Statutes (1987). The trial court denied the motion for summary judgment, and in so doing, erred.
Section 440.11 establishes the exclusivity of workers' compensation benefits. Workers' compensation coverage provides employers "with immunity from suit by their employees so long as the employer has not engaged in any intentional act designed to result in or that is substantially certain to result in injury or death to the employee." Eller v. Shova, 630 So.2d 537, 539 (Fla. 1993) (citing Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla. 1986); Lawton v. Alpine Engineered Prods., Inc., 498 So.2d 879 (Fla. 1986)). The definition of an intentional act is strictly interpreted "because nearly every accident, injury, and sickness occurring at the workplace results from someone intentionally engaging in some triggering action." Fisher, 498 So.2d at 884 (citation omitted). In Fisher, the court refused to find an intentional tort where a company required its employee to clean pipes that it knew contained noxious fumes and which in all probability would cause injury or death. Id. at 883. "The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but is not an intentional tort." Id. at 884 (quoting Prosser & Keeton on Torts 36 (W. Keeton 5th ed. 1984)). Here, although the corporate defendant was certainly negligent in its cavalier attitude toward the safety of its employees, its actions did not rise to the level of an intentional act. Accord Lawton, 498 So.2d at 879 (not an intentional tort when employer instructs employee to operate dangerous machinery without warning the employee about the machinery's known hazards); Dynaplast Inc. v. Siria, 637 So.2d 13 (Fla. 3d DCA 1994) (not an intentional tort when employee injured while operating a plastic injection molding machine); cf. Connelly v. Arrow Air., Inc., 568 So.2d 448 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla. 1991).
Prior to an amendment in 1988, section 440.11 also provided immunity for fellow employees unless they acted with willful and wanton disregard or unprovoked physical aggression or with gross negligence. § 440.11, Fla. Stat. (1987). Gross negligence requires the following:
[F]irst of all, gross negligence presupposes the existence of a "composite" of circumstances which, together, constitute an "imminent" or "clear and present" danger amounting to more than normal and usual ... peril... .
Secondly, gross negligence must be predicated on a showing of chargeable knowledge or awareness of the imminent danger spoken of.
And thirdly, the act or omission complained of must occur in a manner which evinces a "conscious disregard of consequences," as distinguished from a "careless" disregard thereof (as in simple negligence) or from the more extreme "willful or wanton" disregard thereof (as in culpable or criminal negligence).
*966 Hoyt v. Corbett, 559 So.2d 98, 100 (Fla. 4th DCA) (quoting Glaab v. Caudill, 236 So.2d 180, 183-84 (Fla. 2d DCA 1970)), rev. denied, 569 So.2d 1278 (Fla. 1990). The allegations here are not sufficient to meet this standard of gross negligence; nor has the plaintiff shown that the defendants acted with willful or wanton disregard for the consequences of their actions. Accord Hoyt, 559 So.2d at 98 (no gross negligence in employee's electrocution death where employer had no knowledge of imminent harm); Merryman v. Mattheus, 529 So.2d 727 (Fla. 2d DCA 1988) (no gross negligence in death in crane accident where crane could have been operated safely despite malfunction).
We reverse and remand with instructions to the trial court to enter judgment in favor of the defendants.
NOTES
[1] Caine is not a party to this appeal.