653 So.2d 1130 (1995)
KENANN & SONS DEMOLITION, INC., d/b/a Ken Hamann Demolition, and Kenneth Hamann, Individually, Appellants,
v.
Michael DIPAOLO, Appellee.
No. 94-1820.
District Court of Appeal of Florida, Fourth District.
April 26, 1995.
Robert I. Buchsbaum of Conroy, Simberg & Lewis, P.A., Hollywood, for appellants.
James C. Blecke and Deutsch & Blumberg, P.A., Miami, for appellee.
PER CURIAM.
This is a timely appeal from an order of the trial court denying appellants' motion for summary judgment which appellants based on workers' compensation immunity. Having jurisdiction pursuant to Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), we reverse and remand.
*1131 Michael DiPaolo, a day laborer employed by Vittorio Forgiarini, was injured when he was struck by a crane truck. Forgiarini had turned on the truck while standing beside it.
The site was a demolition job. Kenann & Sons Demolition, Inc. (Kenann) contracted with the Broward County School Board to demolish bleachers on an athletic field. Forgiarini, an occasional scrap-dealer, paid Kenann for the privilege of ripping down the bleachers, expecting to profit by reselling the scrap steel.
An employer who properly secures workers' compensation coverage for its employees is immune from suit so long as the employer has not engaged in an intentional act designed to result in injury or death or conduct which is substantially certain to result in injury or death to an employee. Eller v. Shova 630 So.2d 537 (Fla. 1993); Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882, 883 (Fla. 1986); Lawton v. Alpine Engineered Prod., Inc., 498 So.2d 879, 880 (Fla. 1986); General Motors Acceptance Corp. v. David, 632 So.2d 123, 125 (Fla. 1st DCA), rev. dismissed, 639 So.2d 976 (Fla. 1994).
The same immunities as employers enjoy extend also to fellow employees so long as they do not act with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or proximately cause injury or death. Kennedy v. Moree, 650 So.2d 1102, 1105-07 (Fla. 4th DCA 1995); § 440.11(1), Fla. Stat. Since 1988, section 440.11(1), Florida Statutes, has given the same immunities as those of the employer to any sole proprietor, partner, corporate officer or director, supervisor or other person who in the course and scope of his duties acts in a managerial or policy making capacity, and the conduct causing the alleged injury arose within the course and scope of those duties and was not a violation of law for which the penalty is at least sixty days' imprisonment as set forth in section 775.082, Florida Statutes  in other words, a first degree misdemeanor or higher. Kennedy, 650 So.2d at 1105-07.
The conduct of appellants which plaintiff/appellee described as substantially certain to result in his death or injury, and the conduct of Ken Hamann, head of the company, described as constituting gross negligence, is as follows: failure to provide a safe place of work, by allowing unskilled labor to operate heavy equipment, and hiring an unskilled, unprofessional, unlicensed scrap dealer to do the actual demolition work, with the result that work was being performed in a reckless manner without regard to the safety of the workmen. A specific allegation was that Forgiarini, inexperienced in operating a crane, was allowed to use a borrowed crane which he operated himself, rather than renting a crane with a professional crane operator.
Considering that conduct of appellants alleged by plaintiff/appellee which may have been connected with his injury, as well as every reasonable inference from the allegations favorable to appellee, this court concludes the conduct does not rise to the level of an intentional act designed to result in injury or death or conduct substantially certain to have such a result; nor, in the case of Ken Hamann, a violation of law at the level of first degree misdemeanor or higher.
It has been said that the standard as regards the workers' compensation-furnishing employer requires virtual certainty of injury to an employee, and that the definition of intentional tort must be given a strict interpretation when applying the workers' compensation law. Fisher, 498 So.2d at 884; David, 632 So.2d at 125. The Fisher court and the David court both quoted W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 36 (5th ed. 1984) to the effect that mere knowledge and appreciation of risk, if short of substantial certainty, is not intent. If the risk is appreciable, there may be negligence; if the risk is great, the conduct may be reckless or wanton; but it is not an intentional wrong. Short of substantial certainty, there has been no intentional tort.
The egregiousness of the conduct of appellants alleged in this case falls short of the egregiousness of that in Fisher, where the employer required the employee to clean a pipe known to contain methane gas, without furnishing safety equipment or conforming with OSHA safety rules; yet the employer's *1132 conduct in Fisher was determined not to qualify as an intentional tort. 498 So.2d at 884.
In a similar vein, the employer's alleged conduct in Folk v. Rite Aid of Florida, Inc., 611 So.2d 35 (Fla. 4th DCA 1992), was deemed not to rise to a level of intentional tort. There a decedent's personal representative alleged that the decedent, employed as a security guard was shot while performing his duties at a drug store after spraying MACE in the face of an armed robber; that he was hired in part to survey, confront and apprehend criminals during and immediately following commission of crimes; that he was allowed to be armed only with MACE and not with a firearm; that he was on the premises because there had been prior criminal activity there and additional robberies there were anticipated; and the company's policy was substantially certain to result in employee injury in light of experience and expectations. The Folk court found that the ultimate facts did not state a cause of action for intentional tort.
The ultimate facts in cases where it was thought reasonable to allege a virtual certainty that injury would result from the conduct of the employer are markedly different from those in the instant case. In Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla. 1991), an aircraft was intentionally and routinely overloaded, and poorly maintained. In Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA), rev. denied, 574 So.2d 139 (Fla. 1990), the employers were alleged to have knowingly required employees to work in an area exposing them to toxic substances actually known to be present; deliberately concealed the danger by not advising the employees of risks that were not otherwise apparent; removed warning labels; failed to make repairs; not only failed to provide adequate ventilation, but occasionally turned off the existing inadequate exhaust system, and committed other malicious acts and misrepresentations.
Calling conduct intentional or virtually certain to result in injury does not make it so. Forgiarini's conduct may have been stupid and reckless, and Kenann and Hamann may have been aware that some risk was involved in letting Forgiarini do the actual demolition and use casual workers to get the job done. But Kenann committed no intentional tort; injury to appellee, or other employees, was not substantially certain to occur, and while Hamann's supervision may have been lackadaisical, his conduct did not constitute a first degree misdemeanor or higher crime.
GLICKSTEIN, STONE and STEVENSON, JJ., concur.