PER CURIAM.
This appeal arises from an order of the trial court granting summary judgment in favor of appellees and defendants below, Stein Mart, Inc., Carl Davis, David Kimmel and Jay Stein. We affirm the trial court’s order as to Stein Mart, Inc., Kimmel and Stein. Eller v. Shova, 630 So.2d 537 (Fla.1993); Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla.1986); Dynaplast, Inc. v. Siria, 637 So.2d 13 (Fla. 3d DCA 1994); General Motors Acceptance Corp. v. David, 632 So.2d 123 (Fla. 1st DCA 1994), rev. dismissed, 639 So.2d 976 (Fla.1994); Timones v. Excel Industries of Fla., 631 So.2d 331 (Fla. 1st DCA 1994). We also affirm the trial court’s order granting attorney fees and costs based on section 768.79, Florida Statutes, as to these defendants.
We reverse, however, the trial court’s order granting summary judgment as to appel-lee Davis. Section 440.11(1), Florida Statutes, only allows an employee to benefit from his employer’s immunity when the employee is acting in furtherance of the employer’s business. Further, under this section, fellow-employee immunity shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard, unprovoked physical aggression or with gross negligence when such acts result in injury or death. § 440.11(1), Fla.Stat. Here, the pleadings, depositions and affida *1206 vits indicate questions of fact as to whether Davis’s alleged tortious conduct was in furtherance of his employer’s business or was an act of unprovoked physical aggression, etc. Accordingly, we REVERSE and REMAND.
JOANOS, MICKLE and LAWRENCE, JJ., concur.