663 So.2d 659 (1995)
J.B. COXWELL CONTRACTING, INC., etc., et al., Appellants,
v.
John SHAFER, Appellee.
No. 94-2780.
District Court of Appeal of Florida, Fifth District.
October 20, 1995.
Rehearing Denied December 6, 1995.
Randall M. Bolinger and Michael V. Hammond of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellants J.B. Coxwell Contracting, Inc. and John Coxwell.
Kevin Patrick Bailey, Orlando, for Appellee.
COBB, Judge.
This appeal arose as the result of the trial court's denial of the employer's[1] motions for summary judgment. The employer claimed that summary judgment should be granted based on the exclusive remedy provisions under Florida's worker's compensation statute, Chapter 440, Florida Statutes.
As the result of an accident that occurred on March 14, 1991, John Shafer (appellee) filed a complaint against the employer which alleged that Shafer was helping to lay storm drainage pipe in a trench approximately 10 to 15 feet deep when dirt from the side caved in on him. The facts viewed in a light favorable to Shafer indicate that the trench was not sloped according to OSHA guidelines and did not have a "trench shield" in place. Because of these two violations, Shafer claimed the employer committed an intentional tort. In denying the motions for summary judgment, the trial court indicated that the question of whether an accident would have occurred with a degree of virtual certainty was a factual determination.
In Fisher v. Shenandoah General Construction Company, 498 So.2d 882, 883 (Fla. 1986), the Florida Supreme Court specifically noted that an employer's failure to provide a safe workplace or to follow OSHA guidelines, "does not constitute an intentional tort." While generally, employer conduct can rise to the level of an intentional tort, the actions here clearly did not do so even assuming the employer removed safety devices and violated *660 OSHA guidelines in an attempt to speed up completion of the project. See Kenann & Sons Demolition, Inc. v. Dipaolo, 653 So.2d 1130, 1131 (Fla. 4th DCA 1995) (reversing trial court's denial of employer's motion for summary judgment  failure to provide safe place of work); Emergency One, Inc. v. Keffer, 652 So.2d 1233 (Fla. 1st DCA 1995) (reversing trial court's denial of employer's motion for summary judgment  evidence of dangerous work environment); Kline v. Rubio, 652 So.2d 964 (Fla. 3d DCA 1995), rev. denied, 660 So.2d 714 (1995).
Accordingly, the trial court's non-final order denying the appellant's motions for summary judgment are reversed and remanded with instructions to enter final summary judgment in favor of J.B. Coxwell Contracting, Inc. and John Coxwell, individually.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PETERSON, C.J., concurs.
SHARP, W., J., dissents with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent because I think there is a material question of fact which should be resolved by the fact finder in this case, specifically: whether the injury suffered by the employee was substantially certain to have happened because of the employer's intentional failure to use a "trench shield" and its disregard of OSHA guidelines. It was on this ground the trial judge denied the employer's motion for summary judgment. I would affirm.
This case approaches the outer limit of an employer's tort liability for its employees. In order to recover in tort, in addition to recovery under worker's compensation laws, an employee has a heavy burden. He or she must prove that the employer engaged in an intentional act designed to result in the injury or that such injury was substantially certain to have occurred as a result of such act, which caused the employee's injury or death. Fisher v. Shenandoah General Construction Co., 498 So.2d 882 (Fla. 1986).
The record in this case (when read most favorably to the employee who was defending against the summary judgment motion, as we must do)[1] disclosed that the injured employee was working in a trench approximately fifteen feet deep, surrounded by walls which were vertically sloped perhaps as much as eighty degrees.[2] OSHA regulations require the use of a trench shield for excavations below five feet. After viewing the photographs of the wall made minutes after the cave-in, the trial judge commented: "In fact, it almost begs for collapse."
The soil was composed of a sandy, clay type, which offers little warning to a worker prior to caving in massively. These walls were weakened by prior excavations, and were more pre-disposed to cave-ins than normal. Also increasing the hazard of a cave-in was the fact that the employer placed heavy piles of dirt on the edge of the trench.
Less than one working day and just fifty feet before the cave-in occurred, the employer intentionally removed the sole safety device which was being used to prevent such cave-ins: a trench shield. The employee was not warned of the hazard. When the walls collapsed, he was buried alive, and suffered extensive injuries. The trench shield was used throughout the remainder of the project.
There was evidence in the record indicating the employer removed the trench shield in order to speed up its employees' ability to lay linear feet of pipe. Removal of the trench shield was ordered because the project was going too slowly. Increasing the speed of laying linear feet of pipe translates into increased profitability for the employer.
*661 An expert in construction project management with special expertise in occupational safety matters, Michael Peronti, stated in his deposition that, aside from the removal of the trench shield, other safety problems existed. There was no ladder in the trench for emergency evacuation, which is a serious OSHA violation. They were trenching into soil which had been previously trenched, which increased the potential for a collapse. There was a violation of OSHA regulations requiring employees supervising excavations to have specific safety training, because Fobart, the supervisor, had not received such training. Peronti stated that Fobart was not a competent person to inspect the excavation. Tameron McCain, another employee, had complained bitterly to Fobart about the lack of protection; to no avail. And it was clear that Shafer had not been warned of possible danger. Further, surcharge (a pile of dirt) which was placed on the side of the trench, and vibrations from traffic on the nearby roadway, increased the potential for collapse. He opined these were all factors which contributed to the cave-in and the injuries received by Shafer. Peronti also stated that he would have found a "willful violation" of OSHA regulations, had he been an OSHA inspector.
In my view, the record in this case posed the critical material question of fact, stated above, which could be resolved against the employer by a fact-finder. This case is similar to Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla. 1991). In Connelly, the court held the entry of summary judgment for the employer was reversible error. That case involved the employer's allegedly allowing a crew to fly an airplane when it was routinely overloaded, poorly maintained, and had known mechanical deficiencies. Further, the employer in that case, as did the employer in this case, withheld from the employees knowledge of the defects and hazards.
The result in this case is in conflict with Belhomme v. Rigal Plastics, Inc., 625 So.2d 118 (5th DCA 1993). In Belhomme, this court reversed a summary judgment in favor of an employer because:
[W]e find that a material issue of fact exists regarding whether Regal's removal of a safety device was substantially certain to result in appellant's injuries.
(625 So.2d at 118). Where substantial certainty of harm is established for purposes of a summary judgment motion, the case should be reversed for trial; not the contrary.
Finally, I question the propriety of taking this non-final appeal on jurisdictional grounds. The appellate rules were changed to permit a non-final appeal for orders that determine "that a party is not entitled to workers' compensation immunity as a matter of law."[3] Here, the trial court ruled that the employer's right to immunity turned on questions of fact which should be determined by a jury. It did not hold that the employer was not entitled to immunity, as a matter of law. If immunity vel non turns on resolution of material fact issues, the propriety of the trial court's ruling should wait for appellate adjudication until the plenary appeal.
NOTES
[1] J.B. Coxwell Contracting, Inc. and John Coxwell, individually.
[1] Moore v. Morris, 475 So.2d 666 (Fla. 1985); Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Kratz v. Legac, 637 So.2d 29, 30 (Fla. 2d DCA 1994); Greene v. Kolpac Builders, Inc. 549 So.2d 1150, 1151 (Fla. 3d DCA 1989); Williams v. Bevis, 509 So.2d 1304, 1306 (Fla. 1st DCA 1987).
[2] The degree of permissible sloping is related to the type of soil, and this could not be exactly discerned from the record. However, expert witness Michael Peronti was of the opinion that the soil was either type B or C. Sloping would be a maximum of 45 degrees for type B soil and a maximum of 30 degrees for type C.
[3] Fla.R.App.P. 9.130(a)(3)(C)(vi).