674 So.2d 902 (1996)
Edmund CLARK, Appellant,
v.
GUMBY'S PIZZA SYSTEMS, INC., a Florida Corporation, and Hippler, O'Brien, Capriulo, Inc., a Florida Corporation, d/b/a Gumby's Pizza, Appellees.
No. 95-2453.
District Court of Appeal of Florida, First District.
June 4, 1996.
*903 Richard A. Krause of Richard A. Krause, P.A., Destin, for Appellant.
Gordon D. Cherr and Mary L. Wakeman of McConnaughhay, Roland, Maida & Cherr, Tallahassee, for Appellees.
PER CURIAM.
In this case appellant argues that the trial court erred by dismissing his amended complaint with prejudice on the ground that it failed to allege facts sufficient to overcome his employer's (Gumby's) entitlement to workers' compensation immunity. We affirm.
In his amended complaint, appellant states that he was hired as a delivery person for Gumby's Pizza in June 1990, and he was required to deliver pizzas to customers on the campus of Florida A & M University (FAMU) late at night. Citing a January 1990, campus newspaper article and campus police reports, appellant alleges that at the time he was hired a series of incidents in which pizza delivery persons, including some of Gumby's employees, delivering to specific dorms at FAMU late at night were robbed and/or beaten or assaulted, that his employers knew at the time he was hired that there was a substantial certainty any of their employees delivering to the FAMU campus at night would be similarly treated, and that his employers intentionally did not disclose this information to him. In addition, appellant states that his employers did not inform him that FAMU campus police had advised Gumby's that late-night pizzas should be delivered to the police station, not the dorms.
Approximately five months after appellant began working for Gumby's (November 1990), another FAMU newspaper article reported that violence committed against pizza delivery persons had resulted in at least one restaurant eliminating FAMU campus dorm delivery. This article also quoted a Gumby's manager who referenced a beating received by a Gumby's employee and announced Gumby's policy not to deliver to specific FAMU dorms after 11:00 p.m.
Several months later, on March 29, 1991, appellant was confronted and threatened by ten men when he attempted to deliver a pizza to a FAMU dorm at 11:50 p.m. The complaint alleges that when appellant reported the incident, his supervisor "led him to believe" this was an uncommon event and there was no danger in delivering to FAMU campus late at night.
The next week Gumby's management held a meeting with its delivery employees at which delivery to FAMU was specifically discussed.[1] Appellant alleges that Gumby's again did not disclose information regarding the FAMU incidents. Instead, Gumby's told him that late-night[2] deliveries were safe and threatened to fire anyone who refused to deliver to FAMU. Approximately one week after the meeting, on April 12, 1991, at 10:30 p.m., appellant was beaten and suffered severe *904 injuries when he arrived on FAMU campus to deliver a pizza.
The complaint alleges that Gumby's intentional nondisclosure of the danger of late-night pizza delivery to FAMU campus dorms and affirmative statements of the safety of such deliveries despite knowledge of the FAMU incidents and campus police delivery policy were the result of an intent to injure him for the sake of making a greater profit. Appellant alleges that Gumby's knew with substantial certainty that he would be attacked and beaten when he was ordered to deliver the pizza on April 12.
Both the original and amended complaints were dismissed for failure to state a cause of action because they failed to allege facts sufficient to overcome the burden of section 440.11, Florida Statutes (1991), employer immunity, with regard to the employer exhibiting a deliberate attempt to injure or engage in conduct which is substantially certain to result in injury or death to the employee. The second complaint was dismissed with prejudice and is the subject of this appeal.
In reviewing an order granting a motion to dismiss for failure to state a cause of action, an appellate court must assume that all material factual allegations are true and must draw all reasonable inferences in favor of the pleader. Higgs v. Florida Dep't of Corrections, 647 So.2d 962 (Fla. 1st DCA 1994); Varnes v. Dawkins, 624 So.2d 349 (Fla. 1st DCA 1993).
The Workers' Compensation Act (Act) provides compensation for an employee who "suffers an accidental injury or death arising out of work performed in the course and the scope of employment." § 440.09, Fla.Stat. (1991). Section 440.11, Florida Statutes, provides that employer liability as prescribed in the Act is the exclusive remedy available to the employee. To overcome this exclusivity, the employee must allege facts to demonstrate that the employer's actions amount to an intentional tort. Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla.1986); Lawton v. Alpine Engineered Prod., Inc., 498 So.2d 879 (Fla.1986).
The employee must allege ultimate facts demonstrating that the employer either exhibited a deliberate intent to injure or engaged in conduct which was substantially certain to result in injury or death. A strong "probability" that an employer's acts will result in injury is not sufficient to overcome the immunity afforded by the statute.
Timones v. Excel Indus. of Florida, 631 So.2d 331, 332 (Fla. 1st DCA 1994) (citations omitted). In Fisher the supreme court quoted from Prosser and Keeton on Torts on the "substantial certainty" standard as follows:
[T]he mere knowledge and appreciation of risksomething short of substantial certaintyis not intent. The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but is not an intentional wrong.
Fisher at 884. "This standard requires more than a strong probability of injury. It requires virtual certainty." General Motors Acceptance Corp. v. David, 632 So.2d 123, 125 (Fla. 1st DCA 1994) (relying on Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882, 883 (Fla.1986). Conclusory allegations of "substantial certainty" do not raise otherwise insufficient allegations of fact to the level of intentional tort sufficient to avoid the exclusivity of the Act. Timones at 332-333. Here, if true, the facts alleged would be sufficient to establish reckless or wanton misconduct on the part of appellees. However, they would not be sufficient to establish that appellees' conduct was virtually certain to result in injury to appellant. Accordingly, we affirm the trial court's order dismissing appellant's complaint with prejudice.
AFFIRMED.
ERVIN, MINER and WEBSTER, JJ., concur.
NOTES
[1] The original complaint stated that at the meeting delivery staff specifically questioned Gumby's management "about the safety" of delivering to FAMU campus "because of alleged previous assaults," and the manager stated that the "violence claims were all exaggerated." These claims do not appear in the amended complaint.
[2] Appellant consistently refers to the period "late at night" as being the unsafe delivery period. The cited police reports indicate that incidents occurred after midnight (i.e., 12:30 a.m., 12:33 a.m., 12:52 a.m., and 2:27 a.m.). The incident in which appellant was confronted in March 1991 occurred shortly before midnight (11:50 p.m.). On the other hand, appellant was attacked at the much earlier time of 10:30 p.m. According to the complaint, Gumby's announced policy was to discontinue deliveries to specified dorms after 11:00 p.m.