668 So.2d 706 (1996)
Donna COX and Michael Cox, et al., Appellants,
v.
SIMEON, INC., etc., et al., Appellees.
No. 95-1259.
District Court of Appeal of Florida, Fifth District.
March 1, 1996.
Kurt Erlenbach of Erlenbach & Erlenbach, P.A., Titusville, for Appellants.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham, Lane & Ford, P.A., Ft. Lauderdale, for Appellees.
GOSHORN, Judge.
Donna and Michael Cox and Juanita Arnold (the appellants) appeal the final summary judgment dismissing the remaining six *707 counts of their complaint against Simeon, Inc. and Martin Traub (the appellees). The appellants concede that summary judgment was proper as to Count VI and we affirm as to that count. However, we reverse the summary judgment as to Counts I through V.[1]

THE FACTS
In 1990, Donna Cox began working at "Mega Movies" video rental store. Juanita Arnold was hired in January of 1991. The store was owned by Simeon, Inc. Martin Traub was one of three corporate officers and one of seven owners of Simeon, Inc. None of the owners or officers participated in the day-to day-operation of Mega Movies except Traub, who managed the store where Cox and Arnold were employed.
In June of 1993, the appellants filed a nine count complaint against the appellees alleging assault (Counts I and II), intentional infliction of emotional distress (Counts III and IV), malicious prosecution (Count V), negligence (Count VI), loss of consortium (Count VII), and failure to pay overtime (Counts VIII and IX). The appellants alleged that Traub repeatedly assaulted them. Counts VII, VIII and IX were previously disposed of and only Counts I through VI remain the subject of this appeal. The question presented is whether Simeon, Inc. and Traub are entitled to workers' compensation immunity for Traub's intentional torts.

THE LAW
Subsection 440.11(1), Florida Statutes (1993) limits an employer's liability for an employee's work-related injuries to workers' compensation entitlements. An employer who properly secures workers' compensation coverage for its employees is provided with immunity from suit by an employee "so long as the employer has not engaged in any intentional act designed to result in or that is substantially certain to result in injury or death to the employee." Eller v. Shova, 630 So.2d 537, 539 (Fla.1993) (citing Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla.1986); Lawton v. Alpine Engineered Prods., Inc., 498 So.2d 879 (Fla.1986)). In the present case, the appellants contend that the trial court erred in finding that Traub and Simeon, Inc. were entitled to workers' compensation immunity for Traub's intentional torts. They acknowledge that workers' compensation law is the exclusive remedy for intentional torts committed in the workplace by co-workers; however, the appellants contend that Traub falls outside of this principle because he was acting as the appellants' employer or as their employer's alter ego. To support their argument, the appellants cite Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989). In Byrd, the Florida Supreme Court addressed whether workers' compensation immunity extended to sexual harassment cases. In discussing the Florida courts' extension of the statutory definition of an "accident arising out of ... employment," the court acknowledged that the definition included a variety of intentional torts. In a footnote, the court clarified that "an injury intentionally inflicted by the employer himself or his or her alter egos does not fall within these principles, since workers' compensation was not established to excuse misconduct of this type." Id. at 1101 n. 5 (citing Schwartz v. Zippy Mart, Inc., 470 So.2d 720, 724 (Fla. 1st DCA 1985), disapproved of on other grounds by Byrd v. Richardson-Greenshields Secs., Inc., 552 So.2d 1099 (Fla.1989)).
The Schwartz court recognized that an employer "cannot intentionally injure an employee and enjoy immunity from suit." Schwartz, 470 So.2d at 724. It further acknowledged that there is a difference "between a supervisory employee, ... and a person who can genuinely be characterized as the alter ego of the corporation." Id. The court continued:
When the person who intentionally injures the employee is not the employer in person nor a person who is realistically the alter ego of the corporation, but merely a foreman, supervisor or manager, both the legal and moral reasons for permitting a common-law suit against the employer collapse, and a substantial majority of modern cases bar a damage suit against the employer.
*708 Id. (quoting 2A Larsen's Workmen's Compensation Law, § 68.21, 13-28 (1982)).
In the present case, the key question is whether Traub was an employer or an employer's alter ego such that his actions fall outside of workers' compensation immunity. The appellants assert that Traub should be classified as an employer or as its alter ego because he was the manager and co-owner of Mega Movies, and an officer of Simeon, Inc. Therefore, they contend that the trial court erred in dismissing Counts I through V of their complaint. We agree. The evidence showed that Traub was not merely manager, but was part-owner of the store where the appellants worked. This fact distinguishes the present case from Schwartz, in which the First District refused to characterize a supervisor's actions, the commission of sexual assaults and batteries against a subordinate, as those of the employer. Here, Traub, in essence, was Simeon, Inc., the employer. As such, neither he nor Simeon, Inc. is permitted to enjoy workers' compensation immunity.
REVERSED in part; AFFIRMED in part; REMANDED.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] We find no merit in appellants' remaining assertion of error. See Fla.R.App.P. 9.130(f).