691 So.2d 542 (1997)
Cassandra GREEN, Appellant,
v.
Jean ROSS, Appellee.
No. 96-00489.
District Court of Appeal of Florida, Second District.
April 9, 1997.
Geoffrey D. Morris of Morris & Widman, P.A., Venice, for Appellant.
Scott A. Mager and Prince A. Donnahoe, IV of Mager & Associates, P.A., Fort Lauderdale, Amicus Curiae Academy of Florida Trial Lawyers.
Audrey B. Rauchway of Bavol, Bush & Sisco, P.A., Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Cassandra Green, appeals the trial court order dismissing with prejudice her complaint and second amended complaint. Appellant asks us to determine that there exists in Florida a duty on the part of a mental health worker to warn a potential victim when a patient presents a serious threat of violence to that potential victim. A breach of that duty would then support a cause of action against the mental health worker by the victim, who suffers harm at the hands of the patient. The trial court dismissed with prejudice appellant's initial complaint for failure to state a common law cause of action. Appellant was granted leave to file an amended complaint in an effort to state a statutory cause of action under section 491.0147, Florida Statutes (1991). That second amended complaint was subsequently dismissed with prejudice for failure to state such a statutory cause of action. The trial judge stated, in dismissing the second amended complaint, that he was unable to conclude that the permissive language of section 491.0147 created an affirmative duty to warn so as to support a cause of action for a failure to warn. We agree and affirm.
In affirming the dismissal of appellant's complaint for failure to state a common law cause of action, we agree with and rely upon the opinion of Judge Jorgenson, writing for the majority in the en banc decision of our colleagues, in Boynton v. Burglass, 590 So.2d 446 (Fla. 3d DCA 1991). It would not add to the jurisprudence of this state, or the understanding of it, to retrace or retread the ground so ably and adequately covered by Judge Jorgenson for the majority and Judge Schwartz for the dissent in Boynton. To decide between the two opposing points of view depends upon judicial philosophy. Florida has not heretofore recognized a common law cause of action such as appellant attempts to allege. If our society has progressed (or regressed) to such a point that there should now be recognized new causes of action where none have existed before, we conclude that it is the better part of judicial wisdom to await the establishment of such causes of action by legislative action after input as to all the variables from competing elements of society. We are unprepared and unwilling as jurists to declare that such a cause of action exists because we now conclude, with the more limited fact-finding resources at our disposal, that there is presently *543 a sufficient societal interest to protect that requires judicial activism.
With that conclusion behind us, we now turn to the trial court's dismissal of appellant's attempt to allege a statutory cause of action based on section 491.0147. Judges Cope and Gersten in Boynton specially concurred in the majority opinion on the basis that it was premature to consider whether the enactment (subsequent to the date the cause of action in Boynton was alleged to have arisen) of section 455.2415, Florida Statutes (Supp.1988) created a statutory cause of action that did not previously exist. Section 455.2415, pertaining to communications between patients and psychiatrists, and the psychiatrist's obligations and duties relating to those communications, is similar in import to section 491.0147, relating to communications between patients and mental health workers and others licensed or certified under chapter 491. Those sections respectively provide as follows:
455.2415 Communications confidential; exceptions.Communications between a patient and a psychiatrist, as defined in s. 394.455(2)(e), shall be held confidential and shall not be disclosed except upon the request of the patient or the patient's legal representative. Provision of psychiatric records and reports shall be governed by s. 455.241. Notwithstanding any other provisions of this section or s. 90.503, where:
(1) A patient is engaged in a treatment relationship with a psychiatrist;
(2) Such patient has made an actual threat to physically harm an identifiable victim or victims; and
(3) The treating psychiatrist makes a clinical judgment that the patient has the apparent capability to commit such an act and that it is more likely than not that in the near future the patient will carry out that threat, the psychiatrist may disclose patient communications to the extent necessary to warn any potential victim or to communicate the threat to a law enforcement agency. No civil or criminal action shall be instituted, and there shall be no liability on account of disclosure of otherwise confidential communications by a psychiatrist in disclosing a threat pursuant to this section.
. . . . .
491.0147 Confidentiality and privileged communications.Any communication between any person licensed or certified under this chapter and his patient or client shall be confidential. This secrecy may be waived under the following conditions:
(1) When the person licensed or certified under this chapter is a party defendant to a civil, criminal, or disciplinary action arising from a complaint filed by the patient or client, in which case the waiver shall be limited to that action.
(2) When the patient or client agrees to the waiver, in writing, or, when more than one person in a family is receiving therapy, when each family member agrees to the waiver, in writing.
(3) When there is a clear and immediate probability of physical harm to the patient or client, to other individuals, or to society and the person licensed or certified under this chapter communicates the information only to the potential victim, appropriate family member, or law enforcement or other appropriate authorities.
In finding that a cause of action based on a breach of a duty to warn of possible actions of a mental health patient does not exist, some courts have relied, at least partially, on the fear of harm to the relationship between the professional and the mental health patient that is rooted in the confidentiality of the relationship. It appears that Judges Cope and Gersten had concern for future causes of action that might be implied from the legislative waiver of that confidentiality in sections 455.2415 and 491.0147. In addressing that concern and that of the trial judge below, we conclude that the permissive language waiving confidentiality in sections 455.2415 and 491.0147 does not equate to the legislative creation of a cause of action not previously recognized in Florida. If we are unwilling to create such a cause of action by judicial fiat, and we are so unwilling, we should be and are just as unwilling to create such a cause of action by so interpreting nebulous legislative language that does not *544 specifically and clearly address the issue. If the rules are to be changed in regard to the interaction between parties in our society and their resulting rights and obligations, then notice of the change should be clearly stated and the rules for the conduct of the parties precisely delineated.
We conclude, in regard to the issue before us, that those changes and rules should come to fruition only after the matter has been exposed to the legislative fact-finding and policy-making process. Finding therefore that there presently exists in Florida no cause of action as appellant attempts to allege, we affirm the dismissal of her complaint and second amended complaint with prejudice.
SCHOONOVER and BLUE, JJ., concur.