747 So.2d 475 (1999)
Donna GRACEY and Joseph Gracey, Appellants,
v.
Donald W. EAKER, Appellee.
No. 99-1075.
District Court of Appeal of Florida, Fifth District.
December 30, 1999.
*476 Nolan Carter and Karen R. Wasson, Orlando, for Appellant.
Griffith J. Winthrop III, Winter Park, for Appellee.
ANTOON, C.J.
Joseph and Donna Gracey appeal the final order entered by the trial court dismissing with prejudice their lawsuit against Dr. Donald Eaker. We affirm.
The Graceys filed suit against Dr. Donald Eaker seeking an award of damages for injuries allegedly sustained as a result of Dr. Eaker's negligence. The complaint explained that Dr. Eaker is a licensed psychotherapist and that he had administered psychotherapy treatment to the Graceys in connection with their marital difficulties. The complaint averred that, during their individual counseling sessions, Dr. Eaker
would inquire about, and each of the [Graceys] would disclose to him, very sensitive and personal information that neither had disclosed to the other spouse at any time during their relationship. [The Graceys] would disclose this information because they were led to believe, by [Dr. Eaker], that such information was necessary for treatment purposes.
The complaint further alleged that, despite the confidentiality of the disclosed information[1], Dr. Eaker revealed to each of "the [Graceys] individual, confidential information which the other spouse had told him in their private sessions." Upon such disclosure, the Graceys confronted each other regarding what they had learned and realized that Dr. Eaker had "embarked upon a plan of action or course of action designed to get the [Graceys] to divorce each other."
In attempting to allege a viable cause of action, the complaint averred that
as a direct and proximate result of the foregoing breaches by [Dr. Eaker], of his fiduciary duty of confidentiality owed to the [Graceys], individually, the [Graceys] have been forced to incur substantial expenses for psychology and psychotherapy services to attempt to correct and/or cure the mental damage caused by [Dr. Eaker's] actions.
With regard to the claim of damages, the complaint averred that the Graceys have individually

*477 suffered great and severe mental anguish upon learning about discussions which the other spouse did not wish revealed, and which the other spouse would not have revealed, that they have sustained severe mental anguish upon learning of actions of the other spouse, of which they individually were not aware, and that disclosure has caused irreparable damage to any trust that they would have had for each other ... and that [Dr. Eaker's] actions have caused great mental anguish for the [Graceys] individually in their personal relationships with others due to their inability to trust the others in those personal relationships.
Dr. Eaker moved to dismiss the complaint, averring that the Graceys failed to assert a viable cause of action because the complaint alleged only emotional, and not any physical, injuries resulting from Dr. Eaker's alleged negligence. Upon review, the trial court dismissed the complaint. Dr. Eaker maintains that the trial court's dismissal order must be affirmed because Florida law does not recognize a cause of action for negligent infliction of emotional distress without an accompanying physical injury. We are constrained to agree.
The Graceys' complaint sounded in negligence and sought recovery for purely emotional injuries. The trial court aptly recognized that dismissal of the complaint was warranted because the Florida courts do not recognize the negligent infliction of emotional distress as a free standing tort. See R.J. v. Humana of Florida, Inc., 652 So.2d 360, 365 (Fla.1995) (Kogan, J., concurring specially); see also Coca-Cola Bottling Co. v. Hagan, 750 So.2d 83 (Fla. 5th DCA 1999). Instead, Florida courts have historically adhered to a requirement that some physical impact to a claimant must be alleged and demonstrated before the claimant can recover damages. This requirement has been referred to as the "impact rule." See Zell v. Meek, 665 So.2d 1048, 1049 (Fla.1995). While our supreme court has recognized a few exceptions to the impact rule,[2] none of which apply to the facts presented here, the court has continually reaffirmed its position that the impact rule continues to be the law in Florida, rejecting as a matter of public policy every request to abolish the rule. See R.J. v. P.J. Humana of Florida, Inc., supra. More specifically, the court has refused to recognize a claim for psychic harm alone. Zell v. Meek, 665 So.2d at 1051. Accordingly, based upon the law as it exists today in Florida, the trial court was correct in dismissing with prejudice the Graceys' complaint against Dr. Eaker because the complaint alleged a claim of negligence resulting in only emotional injuries.[3]
The Graceys have properly recognized the authority of the existing case law yet request that we reverse the trial court's dismissal order because "the trend" occurring in other jurisdictions is to recognize the viability of a cause of action to recover damages for emotional distress when such damages arise as a result of negligent conduct but are unaccompanied by physical injury. See e.g. Biddle v. Warren General Hospital, 86 Ohio St.3d 395, 715 N.E.2d 518 (1999). We reject this invitation to recede from Florida's case law but *478 certify the following question to the supreme court as being one of great public importance:
WHETHER AN EXCEPTION TO FLORIDA'S IMPACT RULE SHOULD BE RECOGNIZED IN A CASE WHERE INFLICTION OF EMOTIONAL INJURIES RESULTED FROM THE BREACH OF A STATUTORY DUTY OF CONFIDENTIALITY.
ORDER AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] See § 491.0147, Fla. Stat. (1997)(providing that any communication between a licensed mental health counselor and his patient shall be confidential).
[2] See Zell v. Meek, 665 So.2d 1048 (Fla.1995)(recognizing that no impact needs to be shown where psychological trauma caused a demonstrable physical injury). Kush v. Lloyd, 616 So.2d at 422(stating that the impact rule has been held to be inapplicable in cases of negligent defamation and invasion of privacy); see also R.J. v. Humana of Florida, Inc., 652 So.2d 360 (Fla.1995)(holding that the impact rule does not apply to bar actions for wrongful birth).
[3] We reject without discussion the Graceys' alternative claim for reversal that we should recognize a cause of action for negligence per se based upon proof of a violation of section 491.0147 of the Florida Statutes (1997), which outlines the confidential nature of communications between persons licensed as psychotherapists and their patients. See Green v. Ross, 691 So.2d 542 (Fla. 2d DCA 1997).