753 So.2d 699 (2000)
Pamela G. HOLDERBAUM, individually, as natural parent and guardian of Nicole Amy Holderbaum, a minor, and as Personal Representative of the Estate of Stacy Holderbaum, Deceased, Appellants,
v.
ITCO HOLDING COMPANY, INC., f/k/a Itco Tire Company, Inc., a foreign corporation, Appellee.
No. 3D98-2594.
District Court of Appeal of Florida, Third District.
March 15, 2000.
Rehearing Denied April 19, 2000.
Joseph R. Fields, Jr., West Palm Beach; Marjorie Gadarian Graham, Palm Beach Gardens, for appellants.
Fazio, Dawson, DiSalvo, Cannon, Abers, Podrecca & Fazio, Fort Lauderdale, and David B. Pakula, Miami, for appellee.
Before SCHWARTZ, C.J., and GREEN and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
The plaintiffs are the survivors of a deceased employee. They appeal from an adverse summary judgment upholding the defense of workers' compensation immunity in a wrongful death action against his employer. We affirm.
On orders from his superior, Holderbaum, Quinones was laid off from his job at the Itco Tire Company. When he was informed, Quinones, in the presence of other supervisory employees, threatened Holderbaum's life. Later that day, he made the threat good by murdering[1] Holderbaum *700 with a pistol the employees knew he kept at the workplace.
The story is a very compelling one indeed, and the employees may have been negligentperhaps grossly or even culpably soin, as they said, not taking Quinones or his threats seriously under the circumstances. Nevertheless, we conclude as a matter of law thatobjectively viewed as required by Turner v. PCR, Inc., 754 So.2d 683, 685-88 (Fla. 2000) their mistakes in failing to remove him or his weapon from the premises or to warn Holderbaum prior to the shooting, neither "exhibit[ed] a deliberate intent to injure [n]or ... [were] substantially certain to result in injury or death" so as to constitute an intentional tort and thus overcome Itco's workers' compensation immunity. § 440.11(1), Fla. Stat. (1995); Turner, 754 So.2d at 687; Kline v. Rubio, 652 So.2d 964 (Fla. 3d DCA 1995), review denied, 660 So.2d 714 (Fla.1995).
In Boynton v. Burglass, 590 So.2d 446 (Fla. 3d DCA 1991), this court held that because, among other things, any predictions of a person's future dangerousness are necessarily so uncertain, a psychiatrist has no duty of reasonable care to warn a victim about a patient's subsequently realized threats to kill him. Accord Green v. Ross, 691 So.2d 542 (Fla. 2d DCA 1997). Boynton is the paradigmatic a fortiori case to this one, which involves only lay persons and a monumentally higher standard of liability. See also Rafferman v. Carnival Cruise Lines, Inc., 659 So.2d 1271, 1272 (Fla. 3d DCA 1995), and cases and authorities cited (severely attenuated Jones Act liability not present when ship owner fails to anticipate and guard against suicide of "visibly and obviously depressed and abnormal" crewman).
Affirmed.
NOTES
[1] An appeal from the denial of Quinones' application for relief from his 23-year sentence for second degree murder was dismissed in Quinones v. State, 709 So.2d 543 (Fla. 3d DCA 1998)(table).