571 So.2d 589 (1990)
SOUTHEAST ADMINISTRATORS, INC. and Executive Risk Consultants, Inc., Petitioners,
v.
Estella MORIARTY, As Circuit Court Judge of the Seventeenth Judicial Circuit in and for Broward County, Florida, and Rollie and Donna Swartout, Respondents.
No. 90-2699.
District Court of Appeal of Florida, Fourth District.
December 28, 1990.
Steven J. Chackman of Conroy Simberg and Lewis, P.A. Hollywood, for petitioners.
E. Hugh Chappell, Jr. of Chappell & Brandt, P.A., Fort Lauderdale, for respondents-Rollie and Donna Swartout.
PER CURIAM.
Petitioners seek a writ of prohibition to prevent the Broward County Circuit Court from entertaining a lawsuit filed against *590 them arising out of a failure to pay a workers' compensation claim.
Petitioners correctly point out that prohibition is the appropriate remedy to prevent a court from acting without jurisdiction. English v. McCrary, 348 So.2d 293 (Fla. 1977). Respondents agree, but contend that the trial court does not lack jurisdiction.
A circuit court is without jurisdiction over an action against a compensation carrier for injuries covered by the Workers' Compensation Act. Old Republic Ins. Co. v. Whitworth, 442 So.2d 1078 (Fla. 3d DCA 1983). Section 440.11(4), Florida Statutes (1989), provides that "the liability of a carrier to an employee or to anyone entitled to bring suit in the name of the employee shall be as provided in this chapter, which shall be exclusive and in place of all other liability." It is true that certain claims for damages for intentional torts fall outside the exclusivity provision of the act. See Byrd v. Richardson-Greenshields Sec., Inc., 552 So.2d 1099 (Fla. 1989). Byrd, however, is distinguishable from the instant case. There, the supreme court held that employees' claims of assault, intentional infliction of emotional distress and battery arising from alleged instances of sexual harassment were not barred by the workers' compensation exclusivity rule. Here, however, the intentional infliction of emotional distress arose solely from a delay in payment of a claim and the act itself imposes sanctions for such a delayed payment.
In Old Republic Ins. Co. v. Whitworth, a compensation carrier sought a writ of prohibition to prevent the circuit court from exercising jurisdiction over a suit brought by a workers' compensation claimant against it for punitive damages arising out of the carrier's alleged willful breach of its obligations to make payments. The Third District held that the claimant could not avoid the exclusivity of the act and transform the delay in payments into an action cognizable in circuit court simply by calling the delay outrageous, fraudulent, deceitful, or an intentional infliction of emotional distress. Florida's workers' compensation law contains mechanisms to ensure timely payments and provides an array of sanctions which may be imposed when a carrier wrongfully withholds payment. Accordingly, regardless of the intentional manner in which a decision by a carrier is made, the workers' compensation law provides the exclusive remedy for review of any administrative decision made by a carrier in which the basic contention of the claimant is that he has been wrongfully deprived of benefits due under the act. Connolly v. Maryland Casualty Co., 849 F.2d 525 (11th Cir.), reh'g denied, 861 F.2d 1233 (1988), cert. denied, 489 U.S. 1083, 109 S.Ct. 1539, 103 L.Ed.2d 843 (1989); Sullivan v. Liberty Mut. Ins. Co., 367 So.2d 658 (Fla. 4th DCA), cert. denied, 378 So.2d 350 (1979).
Respondents rely on Lawton v. Alpine Engineered Prods., Inc., 498 So.2d 879 (Fla. 1986) and Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla. 1986), in which the supreme court recognized a cause of action for intentional tort by the employer. See also Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA 1990). However, we consider those authorities inapposite. Here, even if it is assumed that petitioners did intentionally inflict emotional distress, a claim for such conduct still arises out of petitioners' failure to pay the claim. Swartout's exclusive remedy is under the act, and the circuit court lacks subject matter jurisdiction to entertain the instant action. Accordingly, the writ of prohibition is granted. We are confident that it is not necessary to issue the writ and we remand the cause with directions to dismiss the complaint.
ANSTEAD and STONE, JJ., concur.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I believe the issuance of a writ of prohibition is premature in this case, as I believe there are cognizable causes of action which respondents (the Swartouts) could raise in circuit court that would not be dismissable under the exclusivity provisions of the workers' compensation law. For example, although the respondents have not couched their cause of action under the statutory *591 remedy, I believe an action pursuant to section 624.155, Florida Statutes (1989), may lie, given the proper factual allegations, notwithstanding the underlying claim may be brought under the workers' compensation law, Chapter 440. Should the respondents' claim below at some time in the future be subject to dismissal for lack of the court's jurisdiction, I would argue that such a dismissal should be without prejudice for respondents to amend, and thereby have an opportunity to bring a claim which may be cognizable in circuit court. I would deny the issuance of a writ of prohibition at this time.