783 So.2d 309 (2001)
Carlos TINOCO, Appellant,
v.
RESOL, INC., a Florida corporation and Case Power Equipment Corporation, a Florida corporation, et al., Appellee.
No. 3D00-1633.
District Court of Appeal of Florida, Third District.
April 4, 2001.
Rehearing Denied May 16, 2001.
*310 McCormick & Koretzky; and Jeanne Heyward, Miami, for appellant.
Hicks, Anderson & Kneale, and Ralph Anderson, Miami; and Patino & Associates, and Dominick Tamrazzo, Coral Gables, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
PER CURIAM.
Carlos Tinoco appeals a summary judgment in favor of his employer, Resol, Inc., on the basis of workers compensation immunity. We affirm.
Plaintiff-appellant Tinoco worked for Resol as an assistant pipe fitter when he was injured in an accident. On the day of the accident, a Resol crew was digging a trench and installing pipe in it. A new excavator had been delivered to the work site for Resol to use on a trial basis to determine whether to buy it.
The new machine had a defect which caused it to lurch forward two or three feet each time the operator sought to move it. After the initial lurch, the machine would operate properly.
The foreman reported the defect and asked for mechanics to come and repair it. He concluded that in the meantime it would be safe to use the machine so long as the employees stayed more than three feet away from the front of the machine.
The foreman testified that all of the employees were warned about this, whereas the plaintiff denies being personally warned. However, it is undisputed that the operating malfunction was obvious to all who were working in the vicinity of the machine, and the plaintiff was working close to the machine from eight o'clock in the morning until two o'clock in the afternoon during which time the machine was moved twenty-six or twenty-seven times.
On the occasion of the accident, the plaintiff stepped in front of the machine to assist with pipe which was being lowered into the trench. The location into which the plaintiff stepped was in the blind spot of the operator, so that the operator could not see the plaintiff. As the plaintiff stepped in front of the machine, a pipe fitter in the trench signaled for the machine to move forward. The machine struck the plaintiff's foot, crushing it.
Plaintiff brought suit against Resol under the intentional tort exception to the workers compensation immunity. See Turner v. PCR Inc., 754 So.2d 683, 686 (Fla.2000); § 440.11, Fla. Stat (1993).[*] We concur with the trial court that the facts of this case do not show that the employer " exhibite[d] a deliberate intent to injure or engage[d] in conduct which is substantially certain to result in injury or death." Turner, 754 So.2d at 687 & n. 4 (citation omitted; emphasis in original). Viewed in the light most favorable to the plaintiff, the circumstances here demonstrate negligence. But under the case law, *311 a showing of negligence, or even gross negligence, is not enough. Id.
The summary judgment is affirmed.
NOTES
[*] The accident date was January, 1995.