876 So.2d 1222 (2004)
ALLSTATES FIREPROOFING, INC., a Florida corporation authorized to do business in the State of Florida, Appellant,
v.
Angelina GARCIA, as Personal Representative of the Estate of Aaron Isais Garcia, deceased, and Angelina Garcia, individually and on behalf of Jose Juan Garcia, a minor, and Maritza Garcia, a minor, Appellees.
No. 4D03-1243.
District Court of Appeal of Florida, Fourth District.
June 9, 2004.
*1223 Charles M-P George, Coral Gables, and Christopher W. Wadsworth of Lydecker & Wadsworth, Miami, for appellant.
Kelley B. Gelb and Joseph J. Slama of Krupnick, Campbell, Malone, Buser, Slama, Hancock, McNelis Liberman & McKee, Fort Lauderdale, for appellees.
POLEN, J.
Appellant, Allstates Fireproofing, Inc., has timely appealed a non-final order denying its motion for summary judgment based upon the affirmative defense of workers' compensation immunity. This appeal arises out of an accident in which a scaffold fell on the decedent, Aaron Garcia, resulting in head injuries and his death several days later. Appellee, Angelina Garcia, the decedent's surviving spouse, brought suit.
Allstates is engaged in the business of fireproofing structures by spraying a fire resistant papier mache material. Allstates usually deploys teams of three to four people for each job, consisting of a sprayer, a laborer, and a material feeder. The sprayer works from atop a rectangular scaffold. The height of the scaffold is important in determining, according to the mathematical formula, whether outriggers are required. After a section is completed, the laborer is supposed to sweep up all debris on the floor between the scaffold and the next section and thereafter move the scaffold forward lengthwise. Allstates' normal practice of cleaning was to sweep the area clean, pushing all the leftover debris into piles out of the way of the scaffold's path of movement, and thereafter remove the piles when the job is complete. The correct method for moving the scaffold is to either push or pull it on the shorter side. This entire process is repeated until the job is completed. Allstates has sole discretion to modify or maintain its routine practices, and has used this procedure for ten years without incident.
Aaron Garcia, the decedent, had been employed by Allstates as a laborer for approximately six months. The decedent represented to Allstates that he had approximately five to ten years of experience setting up scaffolds. Additionally, the decedent received training and instruction in the use of scaffolding, approximately thirty to forty minutes at a time, approximately fifteen to twenty times. Allstates also provided a safety manual, on-going safety *1224 meetings and written safety tests, designed to inform of the dangers associated with the use of scaffolding, to all employees, including the decedent. Allstates also inspects its scaffolding daily before use.
On the day of the accident, the scaffold in question was inspected to make sure that the wheels were cleaned, oiled, and rolling properly. The decedent successfully moved the scaffold twice before the accident. On the third move, the decedent improperly moved the scaffold sideways and the sprayer on top of the scaffold quickly screamed out "stop, you are doing it wrong." The scaffold tipped over sideways and landed on the decedent, striking him just below his hard hat. The decedent died several days later.
The decedent's estate is receiving workers' compensation death benefit payments through Allstates. In addition to that, Garcia filed suit against Allstates, claiming that Allstates' actions were substantially certain to result in injury or death to the decedent. Garcia also filed claims against the general contractor, the scaffold distributor and the scaffold manufacturer. Allstates moved for summary judgment on the basis of the affirmative defense of workers' compensation immunity. The trial court ultimately found that Allstates was "not entitled to workers' compensation immunity as a matter of law at this time." (Emphasis supplied.)
We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v). Although the trial court's order stated that Allstates "is not entitled to worker's compensation immunity as a matter of law at this time," the record before us, in addition to counsels' briefs and oral arguments, reveal no factual dispute. There are no additional facts which would prove helpful in the determination of this legal question. Accordingly, we find sufficient crystallization of the facts to conclusively and finally determine Allstates' entitlement vel non to workers' compensation immunity as a matter of law. Thus, we reverse the trial court's order for the reasons that follow.
Workers' compensation benefits generally constitute the exclusive remedy available to an injured employee as provided in section 440.11, Florida Statutes (2003). However, the supreme court recognized an intentional tort exception in Turner v. PCR, Inc., 754 So.2d 683, 686 (Fla.2000). The "test for determining whether an employer's conduct comes within the intentional tort exception to Workers' Compensation immunity requires an analysis of the circumstances of the case to determine whether a reasonable person would understand that the employer's conduct was substantially certain to result in injury or death to the employee." Sierra v. Associated Marine Insts., Inc., 850 So.2d 582, 587 (Fla. 2d DCA 2003). "A strong probability that an employer's acts will result in injury is not sufficient to overcome the immunity afforded by the statute." Clark v. Gumby's Pizza Sys., Inc., 674 So.2d 902 (Fla. 1st DCA 1996), abrogated on different grounds by Turner, 754 So.2d 683 (citation omitted) (abrogated for use of the elevated standard of "virtual certainty"). Likewise, an employer's mere knowledge and appreciation of risk is not intentional conduct, thus falling short of a substantial certainty. Clark, 674 So.2d at 904. "The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but is not an intentional wrong." Id.
The case law is well established that conclusory allegations unsupported by ultimate facts are insufficient to overcome the exclusivity of workers' compensation immunity. Likewise, even gross negligence *1225 is insufficient because it fails to constitute an intentional act. A substantial certainty was found in Turner when the employer allegedly knew of previous explosions as a result of chemical mixtures and nevertheless instructed employees to continue to mix those specific chemicals while intentionally concealing such dangers and failing to provide adequate safety procedures. 754 So.2d at 684-85. Other cases where a substantial certainty of injury has been found are Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), and Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA 1990). In Connelly,
there was evidence that [an] airplane was routinely overloaded and poorly maintained with known mechanical deficiencies. Problems with different parts of the aircraft were ignored and other malfunctioning items were reported only on in-bound trips to eliminate costly non-base repair expenses.... Further, the court also found that where an employer withholds from an employee knowledge of a defect or hazard which poses a grave threat of injury ... the employer will be considered to have acted in a belief that the harm is substantially certain to occur.
Turner, 754 So.2d at 690 (citations omitted). Similarly, in Cunningham, a substantial certainty of injury was found when
the employer removed warning labels on toxic substance containers, misrepresented the toxic nature of the substances, [ ] knowingly provided inadequate safety equipment ... diverted a smokestack, resulting in fumes flowing into rather than outside of the plant, and [ ] periodically turned off the plant ventilation system thereby intensifying the level of exposure.
Turner, 754 So.2d at 690-91.
On the other end of the spectrum, there are also cases where courts have held that an employer's conduct, though negligent or reckless, was not substantially certain to cause injury or death. In Fleetwood Homes of Florida, Inc. v. Reeves, 833 So.2d 857, 859-861 (Fla. 2d DCA 2002), there was an accident involving a forklift. The layout of a factory included an aisle which was more narrow at ground level than some of the supplies transported through that aisle. Id. As a result, forklift operators were instructed to raise the supplies high enough in the air to pass through the aisle, and to honk their horns while proceeding through the aisle to warn other employees. Id. Notwithstanding these safety precautions, employees were instructed to proceed through the aisle whether employees moved out of the way or not, and simply report any encountered problems to management. Id. The accident occurred when some supplies struck a pipe and then a column of the building, and rolled off of the forklift striking an employee, causing death. Id. Though management was aware that as the raised supplies passed through the aisle, they occasionally bumped into a column or pipe of the factory, there was no evidence that any supplies had ever fallen from a raised forklift or injured an employee. Id. The plaintiff in Fleetwood alleged that this accident was inevitable and therefore substantially certain to cause injury or death, and the trial court denied summary judgment for the defendant concluding that if this method of transport were used long enough, an accident would be inevitable. The second district reversed, and held:
We do not believe that the supreme court in Turner intended to allow a plaintiff to add together small risks of injury in order to reach a combined total where the likelihood of injury to some employee sometime was substantially certain. If that were the case, then *1226 many injuries that occur while roofing or while performing any other moderately dangerous, repetitive job would be classified as the result of intentional torts.
Id. at 869.
Additionally, in Pacheco v. Power & Light Co., 784 So.2d 1159, 1163 (Fla. 3d DCA 2001), when considering the intentional tort exception, the third district noted that "the cases which have actually applied the Turner doctrine, including Turner itself, have characteristically involved a degree of deliberate or willful indifference to employee safety." In doing so, Pacheco held that either forgetting or neglecting to tell the power company to de-energize the power lines or to tell their workers they had failed to do so, though serious and resulting in tragic consequences, does not rise to the level of an intentional tort required to invoke the Turner exception. Id. Likewise, Tinoco v. Resol, Inc., 783 So.2d 309, (Fla. 3d DCA 2001), held that even though the employee alleged that he was never warned about a defect that caused an excavator to lurch forward when moved, the defect was obvious to all working in the vicinity of the machine. The injury in Tinoco occurred when the employee's foot was crushed by the excavator when he stepped in front of it and into the operator's blind spot. The court held that the employer's conduct may have demonstrated negligence, "[b]ut under the case law, a showing of negligence, or even gross negligence, is not enough" to come within the intentional tort exception to workers' compensation immunity. Id. at 310-311.
At bar, Garcia alleges an intentional tort on the part of Allstates by failing to properly train the decedent on the proper method of: (1) erecting a scaffold, which sometimes requires the use of outriggers, (2) cleaning the excess debris off of the floor, and (3) moving a scaffold. Furthermore, Garcia alleges this conduct was substantially certain to result in injury or death. We find the facts at issue here are more analogous to Fleetwood, Pacheco, and Tinoco and less like Turner, Connelly, and Cunningham. That is to say, Allstates did not attempt to conceal, or fail to warn, the decedent of the danger involved with scaffolds. The material facts show that Allstates provided a safety manual and an abundance of safety training. Moreover, it should have been obvious to the decedent that there was a danger of the scaffold tipping over and landing on him, and that this danger was more likely if someone was atop the scaffold or if the scaffold's path of movement was not clean and clear. As such, Allstates did not prevent the decedent from making an informed decision on whether or not to expose himself to the risk. Furthermore, as stated in Fleetwood, Garcia cannot add together all of the small risks of injury created by Allstates' conduct "in order to reach a combined total where the likelihood of injury to some employee sometime was substantially certain." 833 So.2d at 869. Consequently, the facts of this case do not rise to the level of an intentional tort to qualify as an exception under Turner, 754 So.2d at 686. We therefore reverse and remand with instructions to enter summary judgment granting Allstates workers' compensation immunity.
REVERSED.
SHAHOOD and MAY, JJ., concur.