895 So.2d 434 (2005)
LIBERTY MUTUAL INSURANCE COMPANY and Norma J. Peele, Appellants,
v.
Colleen M. STEADMAN, Appellee.
No. 2D04-1428.
District Court of Appeal of Florida, Second District.
January 7, 2005.
Rehearing Denied March 18, 2005.
Steven L. Brannock and Sarah C. Pellenbarg of Holland and Knight LLP, Tampa, and Chris N. Kolos and Christopher Annunziato of Holland and Knight LLP, Orlando, for Appellants.
*435 Matthew D. Valdes, P.A., Orlando, for Appellee.
KELLY, Judge.
Liberty Mutual Insurance Company and Norma J. Peele (the appellants) challenge the nonfinal order of the trial court which denied with prejudice their motion to dismiss Colleen M. Steadman's complaint against them for intentional infliction of emotional distress. The appellants argue that they are immune from suit by virtue of the workers' compensation immunity afforded in chapter 440, Florida Statutes (2002), the Workers' Compensation Act (the Act). We agree and reverse.
Colleen Steadman sought authorization and reimbursement for a bilateral lung transplant through her employer's insurance carrier, Liberty Mutual. Her file was ultimately assigned to Norma Peele, an agent of Liberty Mutual, for processing. The benefits sought by Ms. Steadman under her workers' compensation policy were either denied or discontinued due to the insurance company's determination that a portion of Ms. Steadman's requests were related to a preexisting condition.
Following a merit hearing regarding the denied benefits, a judge of compensation claims (JCC) ordered that Liberty Mutual authorize and pay for Ms. Steadman's surgery and certain other items and services associated with the operation. Liberty Mutual failed to comply with the JCC's order, and Ms. Steadman did not receive her transplant until approximately nine months later. Following the surgery, Ms. Steadman filed suit in circuit court for intentional infliction of emotional distress, contending that the appellants' conduct in delaying authorization for her surgery was motivated by greed and was a deliberate act intended to cause her stress and accelerate her demise.
The appellants moved to dismiss Ms. Steadman's complaint with prejudice and argued that her only avenue of relief was under the Act. The trial court denied their motion, finding that Ms. Steadman had exhausted all of her administrative remedies and that the appellants were not entitled to immunity under the Act. We disagree.
Courts have recognized an exception to workers' compensation immunity in cases that involve intentional torts. Turner v. PCR, Inc., 754 So.2d 683, 686 (Fla.2000) (citing Eller v. Shova, 630 So.2d 537, 539 (Fla.1993)). Those cases focus on the conduct of the employer and apply an objective standard to determine whether the employer exhibited a deliberate intent to injure the employee or engaged in conduct that was "substantially certain" to result in injury to the employee. Id. See also Sierra v. Associated Marine Insts., Inc., 850 So.2d 582, 587 (Fla. 2d DCA 2003), review denied, 869 So.2d 538 (Fla.2004); Fred G. Wright, Inc. v. Edwards, 642 So.2d 808, 809 (Fla. 2d DCA 1994); Allstates Fireproofing, Inc. v. Garcia, 876 So.2d 1222, 1224 (Fla. 4th DCA 2004).
Here, Ms. Steadman filed a complaint for intentional infliction of emotional distress against her employer's workers' compensation carrier. A circuit court has no jurisdiction over an action against a compensation carrier for injuries covered by the Act. Southeast Adm'rs, Inc. v. Moriarty, 571 So.2d 589 (Fla. 4th DCA 1990). However, a compensation carrier is not immune from wrongdoing that occurs independently of its handling of claims. Inservices, Inc. v. Aguilera, 837 So.2d 464, 466 (Fla. 3d DCA 2002), review granted, 847 So.2d 975 (Fla.2003). Courts considering whether a carrier's actions are independent of its claims handling consistently hold that the exclusive remedy for a claim of intentional infliction of emotional distress *436 arising from a delay in payment is under the Act. Id.; Moriarty, 571 So.2d at 590; Old Republic Ins. Co. v. Whitworth, 442 So.2d 1078, 1079 (Fla. 3d DCA 1983) (holding that "a compensation claimant cannot avoid the exclusivity of the Act and transform a delay in payments into an actionable tort cognizable in the Circuit Court simply by calling that delay outrageous, fraudulent, deceitful, or an intentional infliction of emotional distress").
Ms. Steadman's claim is based entirely on Liberty Mutual's delay in paying the benefits awarded to her by the JCC. This claim does not fall within any exception to the statutory immunity afforded the carrier by the Act. Accordingly, we reverse and remand with directions to the trial court to dismiss Ms. Steadman's complaint.
Reversed and remanded with directions.
CANADY and WALLACE, JJ., Concur.