STEVENSON, C.J.
Protegrity Services, Inc. and Folksam-erica Reinsurance Company (collectively referred to as “Protegrity,” the employer/workers’ compensation carrier), challenge the circuit court’s denial of their motion to dismiss plaintiffs complaint. Protegrity argued that it is immune from suit by virtue of the workers’ compensation immunity afforded in Chapter 440, Florida Statutes, the Workers’ Compensation Act. We disagree and affirm.
On March 25, 1993, Julie Vaccaro was severely injured and disabled in a workers’ compensation accident. Following the accident, she received workers’ compensation benefits, including medical treatment. Vaccaro received treatment from Dr. Craig Lichtblau for many years after the accident. As part of her treatment, the carrier provided Vaccaro with massage therapy, which was prescribed by Dr. Lichtblau. According to the complaint, the therapy cost was beyond Vaccaro’s financial means, but was medically necessary to reduce the number and intensity of dangerous and potentially life threatening seizures. In August 2002, the employer/carrier conducted a “utilization review” of Vaccaro’s care and determined that the doctor’s treatment and massage therapy were no longer necessary. The carrier informed the doctor of its intent to disallow further treatment and to seek reimbursement of some of its previous payments. The doctor subsequently advised Vaccaro that he would no longer be able to treat her.
Vaccaro filed a complaint in circuit court on May 20, 2003, under several theories, *447 alleging intentional and wrongful termination of her workers’ compensation benefits. She claimed the employer/carrier made misrepresentations to the doctor that the “utilization review” was concluded and further threatened to initiate a utilization review with the Department of Labor and Employment Security (DLES) and the Division of Workers’ Compensation (DWC), which would impose penalties on him for over-utilization. Vaccaro further alleged that the carrier knew or should have known that these threats were false since the administrative rules allowing utilization review had been repealed. In sum, the complaint alleged (1) that the defendants “falsely threatened Dr. Licht-blau” with a utilization review, which would expose him to significant fines and possible decertification; (2) that this was done intentionally to interfere with the plaintiffs relationship with her doctor and to deprive her of medical care; (3) that she suffered injuries apart from the initial accident, severe emotional disorders and other damages because of the carrier's conduct; and (4) that the carrier was substantially certain that its conduct would cause her serious injury. On December 15, 2003, the carrier filed a motion to dismiss the complaint, claiming that the circuit court was without subject matter jurisdiction to hear the claim.
Workers’ compensation benefits generally constitute the exclusive remedy available to an injured employee for “an accidental compensable injury ... arising out of work performed in the course and the scope of employment.” § 440.09(1), Fla. Stat. However, courts recognize an intentional tort exception to workers’ compensation immunity. See Turner v. PCR, Inc., 754 So.2d 683, 686 (Fla.2000). Those cases focus on the employer’s conduct and apply an objective standard to determine whether the employer exhibited deliberate intent to injure the employee or engaged in conduct that was substantially certain to result in injury to the employee. Id. at 686-87; Allstates Fireproofing, Inc. v. Garcia, 876 So.2d 1222, 1224 (Fla. 4th DCA 2004).
We agree with Vaccaro that this dispute is within the jurisdiction of the circuit court. As the Florida Supreme Court recently stated in Aguilera v. Inservices, Inc., 905 So.2d 84 (Fla.2005):
The workers’ compensation system was never designed or structured to be used by employers or insurance carriers as a sword to strike out and cause harm to individual employees during the claim process and then provide a shield from responsibility for an employee’s valid intentional tort claim for that conduct through immunity flowing under the law. Most certainly, the workers’ compensation system was never intended to function as a substitute for an employee’s right to seek relief in a common law intentional tort action against an employer or insurance carrier, but was only intended to provide employers and insurance carriers with immunity for negligent workplace conduct which produced workplace injury. Minor delays in payments, and conduct amounting to simple bad faith in claim handling procedures of the employee’s compensation claim have been captured within the immunity.
Id. at 91. Furthermore,
An insurance carrier who utilizes the process of administering benefits to intentionally injure a worker is not afforded immunity. Only injuries that occur within the system, “workplace injuries,” are covered under the workers’ compensation law, not injuries intentionally inflicted by an insurance carrier during the claims administration process.
Id. at 98.
Here, Vaccaro claims that the insurance carrier intentionally injured her in *448 the process of administering benefits. The complaint specifically alleges harm caused subsequent to and distinct from the original workplace injury. Vaccaro alleged that the carrier’s attorney sent a letter to the doctor threatening him with penalties that the attorney knew no longer existed under workers’ compensation law in an effort to terminate her medical benefits. She alleges that the carrier was substantially certain that this conduct would cause her serious injury. In our view, these allegations go beyond a mere claim delay or a simple dispute involving benefits. As the court made clear in Aguilera, insurance carriers will not be permitted to cloak themselves with blanket immunity in circumstances where the carrier has allegedly committed an intentional tort upon an employee. Id. at 92. Here, the lower court was required to accept the factual allegations of the complaint as true and in the light most favorable to the plaintiff even though they may ultimately not be substantiated by the evidence. See Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734-35 (Fla.2002). Accordingly, we find that the trial court properly denied the insurance carrier’s motion to dismiss.

Affirmed.

TAYLOR and MAY, JJ., concur.