932 So.2d 1034 (2006)
Colleen M. STEADMAN, Petitioner,
v.
LIBERTY MUTUAL INSURANCE COMPANY, et al., Respondents.
No. SC05-693.
Supreme Court of Florida.
May 18, 2006.
*1035 Matthew D. Valdes, P.A., Orlando, FL, for Petitioner.
Steven L. Brannock and Maegen E. Peek of Holland and Knight, LLP, Tampa, FL, Chris N. Kolos and Christopher Annunziato of Holland and Knight, LLP, Orlando, FL, for Respondent.
LEWIS, J.
We have for review Liberty Mutual Insurance Co. v. Steadman, 895 So.2d 434 (Fla. 2d DCA 2005), in which the Second District Court of Appeal relied upon the Third District Court of Appeal's decision in Inservices, Inc. v. Aguilera, 837 So.2d 464 (Fla. 3d DCA 2002), quashed, 905 So.2d 84 (Fla.2005). At the time the Second District Court of Appeal issued its decision in Steadman, Inservices was pending review in this Court. Obviously, the district court did not have the benefit of our subsequent decision which was rendered on June 16, 2005, in which we quashed and remanded the Third District's decision in Inservices on the basis that the complaint stated a viable cause of action in tort based on conduct which allegedly occurred during the claim process because the alleged conduct there was to the level of an independent intentional tort. See Aguilera v. Inservices, Inc., 905 So.2d 84, 93 (Fla.2005). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981).
The petition for review is granted. On authority of our decision in Aguilera v. Inservices, Inc., 905 So.2d 84 (Fla.2005), the decision under review is quashed, and this case is remanded to the Second District Court of Appeal for reconsideration upon application of this Court's decision in Aguilera. In quashing and remanding this decision we do not reach the merits of the instant matter and express no opinion as to whether a valid cause of action exists.
It is so ordered.
PARIENTE, C.J., and ANSTEAD, QUINCE, and CANTERO, JJ., concur.
WELLS, J., dissents with an opinion, in which BELL, J., concurs.
WELLS, J., dissenting.
I dissent from quashing the Second District Court of Appeal's decision in this case.
The majority states that it does this "[o]n authority of our decision in Aguilera v. Inservices, Inc., 905 So.2d 84 (Fla. 2005)," and remands the case to the Second District for reconsideration upon application of this Court's decision in Aguilera. Then the majority says, "In quashing and remanding this decision we do not *1036 reach the merits of the instant matter and express no opinion as to whether a valid cause of action exists." In the context of this case, that does not make sense to me. I am concerned that it will be confusing to the Second District and others who read the majority opinion. When this Court's majority opinion is read and applied to the decision of the Second District in this case, I find it to be clear that the decision of the Second District that there could be no common law cause of action in this case was correct in view of the Second District already having decided that the only claim is based entirely upon delay.
In this Court's majority decision in Aguilera, this Court said:
Today, we do not alter and recognize the continued viability of the cases holding that the mere delay of payments or simple bad faith in handling workers' compensation claims are not actionable torts, and that employees are not permitted to transform such simple delays into actionable torts cognizable in the circuit court.
Id. at 91. In the Second District's decision in this case, the Second District said:
Ms. Steadman's claim is based entirely on Liberty Mutual's delay in paying the benefits awarded to her by the JCC. This claim does not fall within any exception to the statutory immunity afforded the carrier by the Act. Accordingly, we reverse and remand with directions to the trial court to dismiss Ms. Steadman's complaint.
Liberty Mutual Ins. Co. v. Steadman, 895 So.2d 434, 436 (Fla. 2d DCA 2005). Since this is entirely a delay claim, it can only logically follow that in applying the majority Aguilera decision, the decision made by the Second District is consistent with this Court's Aguilera opinion. This Court must respect the determination made by the Second District that this is entirely a delay claim.
Therefore, rather than quashing and remanding this case so that the Second District can reaffirm its earlier decision, this Court should simply affirm the Second District, noting that this Court quashed the Third District's Aguilera decision,[1] which the Second District referred to in its opinion. The majority could directly state that it was affirming the Second District's decision, but not its reasoning, and was affirming based upon this Court's decision in Aguilera.
In the alternative, I would discharge jurisdiction. The decision of the Second District is consistent with the Aguilera decision of this Court, and there is no need in this case to make a point of the fact that this Court quashed the Third District's Aguilera decision.
BELL, J., concurs.
NOTES
[1] Inservices, Inc. v. Aguilera, 837 So.2d 464 (Fla. 3d DCA 2002).